naomirobertsple

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM

JUL -5 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 05-00033 |
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| NAOMI R. ROBERTS, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, NAOMI R. ROBERTS, enter into the following plea agreement:

1. The defendant, NAOMI R. ROBERTS, agrees to enter a guilty plea to an Information charging her with one count of U.S. Mail Destruction in violation of Title 18, United States Code, Section 1703(b) a misdemeanor.

2. The defendant, NAOMI R. ROBERTS, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of destruction of mail and the theft of jewelry contained therein. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses

that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which she reveals to Federal authorities.

3. The defendant further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in stolen cash or property from the U.S. Mail. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

4. The defendant understands that the <u>maximum</u> sentence for U.S. Mail Destruction under Title 18, United States Code, Section 1703(b) is imprisonment for not more than one (1) year, a $100,000 fine, together with any restitution as the court may order, and a $25 special assessment fee. Any sentence of incarceration shall include a term of supervised release of not more than one (1) year. If the court revokes sentence of supervised release, the court may impose additional incarceration for not more than one year. The total of $25 special assessment fee must be paid upon sentencing. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of U.S. Mail Destruction, a violation of Title 18, United States Code, Section 1703(b), the government must prove each of the following elements beyond a reasonable doubt:

  First, the defendant knowingly and willfully and without authority destroyed U.S. Mail;

  Second, that the item destroyed was passing through the United States Mail; and

  Third, that the mail the defendant destroyed was not addressed to her.

6. The defendant understands that the Sentencing Guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

  a. The defendant was born in 1984, and is a citizen of the United States.

  b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

  c. Beginning on or about May 3, 2005, the defendant destroyed U.S. Mail not addressed to her. She had no authority to destroy this mail and that she removed and converted to her own use approximately $600 worth of jewelry contained in this mail package.

  d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

  7. Pursuant to 18 U.S.C. § 3663(a)(1)(3), the government and defendant agree that the defendant shall pay restitution to the appropriate victim as determined by the U.S. Probation Office. She also agrees to pay restitution, not to exceed $600, to any individual or organization who lost money as a result of her criminal conduct. The U.S. Probation Office will determine a credit for any items turned over to the victim or to U.S. Postal Inspector Craig Hales.

  8. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make

material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. The defendant understands that her sentencing may be continued, at the sole discretion of the United States. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

10. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

11. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;